Gloria J. STANSBARGER, Appellant,

v.

CONSOLIDATED SCHOOL DISTRICT NO. 1, Respondent.

No. WD 43183.

Missouri Court of Appeals, Western District.

Oct. 23, 1990.

David R. Smalley, Kansas City, for appellant.

Robert M. Sommers of James, Millert, Houdek, Tyrl & Sommers, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a ruling by the Missouri Labor and Industrial Relations Commission denying workers' compensation benefits. The ruling is affirmed.

Appellant presents a sole point, which charges that

the Labor and Industrial Relations Commission ... erred ... in affirming the award of the administrative law judge because the making of that award, denying compensation, was not warranted by sufficient competent evidence in the record and was not made in accordance with the Missouri Workers' Compensation Law in that it is undisputed in the record that Stansbarger's participation at Lobby Day activities also was for the purpose of benefiting her employer, the school district, and consequently under the Missouri "Dual Purpose Doctrine" the Accident and Stansbarger's resultant injuries did arise out of and in the course of her employment, and hence were compensable.

The facts in this matter are virtually not in dispute and indeed, there is only one issue, that being whether appellant's accident arose out of and in the course of her employment.

At the time this matter arose, appellant was a schoolteacher employed by respondent school district. On February 11, 1987, appellant and four other employees of respondent, along with a retired teacher, were passengers in a vehicle which left the highway near Lone Jack Missouri and turned over. One of the passengers was killed and appellant was severely injured.

The evidence established that appellant's reason for being in the vehicle was to attend "Lobby Day" in Jefferson City, Missouri. This event was sponsored by the National Education Association (N.E.A.), the Missouri N.E.A., and the local unit of the N.E.A. called the United Teachers Association of Hickman Mills and was held to lobby state legislators for improvements in public education, including increased public funding. Appellant was an officer in the local N.E.A. unit and had previously attended two other "Lobby Day[s]" in the state capital.

Respondent school district does not and did not require its employees to belong to

the N.E.A. or any of its sub-units or chapters, nor did it require or request appellant to attend "Lobby Day." Appellant's participation in N.E.A. activities was voluntary and expenses of the N.E.A. are met from the dues of its members.

On February 3, 1987, the United Teachers' Association of Hickman Mills, by letter, requested "legislative leave" for appellant and six other employees to attend "Lobby Day." This request was made pursuant to § III, Paragraph E, 2.7.14.1 of the Policies of the Board of Education which in part provided:

> Teachers with legislative experience may be excused to do legislative work beneficial to the district at the discretion of the assistant superintendent, instruction. No deduction shall be made from salary or leave time. Substitutes will be paid by the district.

The request made pursuant to Paragraph E above was denied by the respondent district. The district, by letter, did advise the local unit of the N.E.A. that leave would be granted if a request was made pursuant to Paragraph G of the Board policies, which reads:

> *Professional Meetings*
>
> The association may request leave for an individual member to perform legislative responsibilities. The designated staff member must make the request to the immediate supervisor and the office of the assistant superintendent, instruction, no less than forty-eight hours in advance of taking such leave. The association will reimburse the district for loss of services at the prevailing substitute rate for each staff member released. Such leave would be limited to ten days per year either association or individual collectively. No individual staff member shall be absent for more than ten days in any one school year for any and all professional and departmental leaves.

The local unit of the N.E.A. then verbally amended its request to conform to paragraph G and the request was approved.

The local unit paid respondent district the sum of $321.48 as reimbursement for six substitute teachers.

Appellant testified that "Lobby Day" is an event sponsored by the N.E.A. Respondent district had its own hired lobbyist to represent it. Appellant established through her own testimony that respondent district neither required nor requested her to participate in "Lobby Day." Therefore, the record is *quite clear* that appellant's attendance was not required by the respondent district, that she was not requested to perform any duties on behalf of the respondent district, nor was she to report to the respondent district concerning any of the activities of "Lobby Day." No transportation or any other expenses were provided by the respondent district. A witness for the district testified that had the union canceled "Lobby Day" activities, the district would not have made any request of appellant to proceed anyway, nor would the district have sent someone else.

The evidence closed. The Administrative Law Judge entered extensive findings of fact and conclusions of law. A ruling was entered, denying workers' compensation benefits on the basis that the injuries sustained by appellant did not arise out of and in the course of her employment. Appellant filed a timely application for review. The review was conducted and the Commission entered its ruling denying compensation on March 8, 1990. This appeal followed.

Appellant's argument in support of her appeal contends that her participation in "Lobby Day", while personal to herself, was also for the mutual benefit of her employer, the respondent school district, so as to bring her activities within the "Dual Purpose Doctrine" and hence, her injuries arose out of and in the course of her employment, thus entitling her to compensation.

■ The "Dual Purpose Doctrine", often called the "Mutual Benefit Doctrine" has been recognized in our state. It has most

often arisen in cases involving the travel of an employee just as in the present case. For the doctrine to apply, however, the evidence must show that the work of the employee creates the necessity of travel and the doctrine applies even though the employee is at the same time serving some purpose of his own. Further, however, it has been held "[t]o establish this doctrine, the trier of fact must be able to infer that the journey would have been even though the private purpose was absent." *McClain v. Welsh Co.*, 748 S.W.2d 720, 726 (Mo.App. 1988).

■ The evidence upon the record herein dispels the application of the "Dual Purpose Doctrine" in this case. In the first instance, by testimony of both parties, it is completely clear that appellant's trip did not arise out of, nor was it a function created by, the work of appellant. As noted above, there had been a request by the N.E.A. to allow appellant and others to travel pursuant to paragraph E of § 2.7.14.1 of the policy of the school board, but this request was denied. Appellant was then given permission to be absent pursuant to paragraph G of that policy.

In addition, testimony by the Deputy Superintendent for the respondent school district established that appellant was not requested to attend "Lobby Day" by the respondent school district, that those attending, including appellant, were not requested by the respondent school district to attend, that the district did not provide expenses or transportation, that those attending were not required to report to the respondent school district, that respondent school district had no input in what those attending did or said, and had the N.E.A. canceled the trip, there would have been no request by the respondent school district for the teachers, including appellant, to attend the meeting. None of the foregoing evidence was challenged or controverted by appellant.

The evidence clearly reveals that the trip and all the details pertaining thereto were arranged and paid for by the N.E.A. There is nothing in the evidence which even suggests that this trip and this meeting arose out of, or in anyway was a necessity of, appellant's work or employment. *McClain, supra.*

This court is required to view only the evidence most favorable and in support of the Commission's ruling. *McClain, supra.* This court has carefully reviewed the authorities cited by appellant and finds them neither applicable nor controlling.

Under the facts and circumstances of this case, the ruling of the Administrative Law Judge that appellant's injuries did not arise out of and in the course of appellant's employment was correct. The Commission did not err in affirming that ruling.

The ruling by the Missouri Labor and Industrial Relations Commission is in all respects affirmed.

All concur.